UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

BENJAMIN C. OLSEN
633 SOUTH FEDERAL HIGHWAY,
SUITE 400A
FORT LAUDERDALE, FL  33301

  Plaintiff,
vs.

U.S. DEPARTMENT OF INTERIOR
1849 C STREET, NW
WASHINGTON, DC  20240

  Defendant.
_____/

## **COMPLAINT**

### I. INTRODUCTION

  1. Plaintiff, Benjamin C. Olsen ("Plaintiff"), hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant U.S. Department of Interior ("DOI") for failing to provide Plaintiff with all non-exempt records responsive to his December 12, 2023, FOIA requests to the DOI, with FOIA Request tracking identifiers DOI-OS-2024-000109 (the "Estenoz FOIA Request") and DOI-NPS-2024-00319 (the "Ramos FOIA Request").

### II. JURISDICTION

  2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

1

### III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B) in that the Complainant resides in the Southern District of Florida.

### IV. PARTIES

4. Plaintiff, Benjamin C. Olsen, is an individual who works and resides in Broward County, Florida.

5. Defendant, Department of Interior, is a federal agency of the United States, and as such, is a federal agency subject to FOIA, pursuant to 5 U.S.C. § 552(f).

### V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform to agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA also requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).

8. FOIA further requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA also expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). Also see 5 U.S.C. § 552(a)(6)C).

10. FOIA also provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to the FOIA statute, a federal agency cannot charge search fees for a FOIA request if the agency fails to meet the applicable deadlines for issuing a final decision for a FOIA Request. 5 U.S.C. § 552(a)(4)(A)(viii).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## Count I

Plaintiff sues DOI for relief due to DOI's failure to comply with the Estenoz FOIA Request and states:

14. Plaintiff realleges paragraphs 1-13, above, and by reference incorporates the allegations of those paragraphs in this count.

## VI.  FACTUAL ALLEGATIONS

15. On December 12, 2023, Plaintiff submitted the Estenoz FOIA Request. It requested "…a copy of the following document(s) be provided to me: All written communications (including letters, emails, and faxes) pertaining to WERP [Western Everglades Restoration Project] including but not limited to communications pertaining to the Western Weir, the West Feeder Basin, Alternative H, the current footprint of WERP, the Lard Can Canal, the Wingate Mill Canal and the Wingate Mill Stormwater Treatment Area dating back to Jan 1, 2016, between Shannon Aneal Estenoz [Assistant Secretary of the Interior for Fish and Wildlife and Parks], her attorneys, representatives, or subordinates and any other person or entity."

16. On December 20, 2023, Plaintiff received an email from DOI acknowledging receipt of the Estenoz FOIA Request. The Estenoz FOIA Request was given a tracking identifier of DOI-OS-2024-000109.

17. Later on December 20, 2023, Plaintiff received a letter via email from DOI for the Estenoz FOIA Request outlining the timeline for responding to the request. The Estenoz FOIA Request letter stated this request fell under the "Normal processing track" and that Plaintiff "can expect to hear from us promptly regarding the outcome of this search." The letter requested a "10-workday extension under 43 C.F.R. § 2.19" in order to search and collect requested letters.

18. On January 4, 2024, the Estenoz FOIA Request was transferred to "In Process" by the DOI and an email was sent to Plaintiff notifying him of such. This was the last correspondence sent by the DOI to Plaintiff about the Estenoz FOIA Request.

19. On February 20, 2024, Plaintiff contacted the Office of Government Information Services ("OGIS") for assistance with the Estenoz FOIA Request. Plaintiff was instructed to wait for response and production for the Estenoz FOIA Request.

20. On April 25, 2024, at the Everglades Taskforce meeting, Shannon Estenoz, Taskforce Chairwoman, was personally and publicly informed by Plaintiff of the outstanding Estenoz FOIA Request during public comment for the meeting.

21. On December 5, 2024, during public comments at the Everglades Taskforce meeting, Shannon Estenoz was reminded by Plaintiff that there was an outstanding FOIA request for her communications related to WERP and her alleged communications with major Everglades nonprofits (who were her prior employers) during the Estenoz FOIA Request time period.

22. On April 8, 2025, and for a few days following, Plaintiff attempted to contact the DOI Office of the Solicitor, the DOI office of the Inspector General, and representatives of the National Park Service to attempt to obtain compliance with the Estenoz FOIA Request. The only office that answered Plaintiff was the Office of the Solicitor. Plaintiff spoke with an assistant and explained the situation. The assistant then transferred Plaintiff to "a solicitor". After being transferred, and speaking for roughly ten seconds, Plaintiff heard "No! Hang Up! Hang up!" and the call was disconnected. All subsequent calls as well as voicemails made by Plaintiff to the above named departments of the DOI went unanswered.

23. Throughout May and June of 2025, Plaintiff contacted OGIS again regarding the Estenoz FOIA Request. OGIS informed Plaintiff that they could only help

facilitate communications, not assist in record production. OGIS personnel informed Plaintiff that the best course of action would be to file a lawsuit.

24. Plaintiff did everything he could, prior to the commencement of this action, to obtain compliance with the Estenoz FOIA Request.

### VII.  BASIS FOR CLAIMS FOR RELIEF

25. As of February 2024, the DOI violated 5 U.S.C. § 552 by missing production dates for the Estenoz FOIA Request.

26. By failing to provide Plaintiff with all non-exempt responsive records to his Estenoz FOIA Request, Defendant DOI has denied Plaintiff's right to the information he has requested, as provided by FOIA.

27. Defendant DOI has also violated FOIA by failing to perform an adequate search, reasonably calculated to locate all responsive records for Plaintiff's Estenoz FOIA Request.

28. Unless enjoined by this Court, Defendant DOI will continue to violate Plaintiff's legal rights to be provided with copies of the records that he has requested in his Estenoz FOIA Request.

29. Plaintiff is directly and adversely affected and aggrieved by Defendant DOI's failure to provide responsive records to his Estenoz FOIA Request.

30. Plaintiff has retained the law firm of Morgan, Olsen & Olsen, LLP to represent him in this action.

31. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

A. Declare Defendant DOI has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his Estenoz FOIA Request.

B. Declare Defendant DOI has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's Estenoz FOIA Request.

C. Direct by injunction that Defendant DOI perform an adequate search for records and provide Plaintiff with all non-exempt responsive records to Plaintiff's Estenoz FOIA Request.

D. Award Plaintiff his costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

F. Provide such other relief as the Court deems just and proper.

## Count II

Plaintiff sues DOI for relief due to DOI's failure to comply with the Ramos FOIA Request and states:

32. Plaintiff realleges paragraphs 1-13, above, and by reference incorporates the allegations of those paragraphs in this count.

## IX.  FACTUAL ALLEGATIONS

33. On December 12, 2023, Plaintiff submitted the Ramos FOIA Request. It requested "…a copy of the following document(s) be provided to me: All written communications (including letters, emails, and faxes) pertaining to WERP [Western Everglades Restoration Project] including but not limited to communications pertaining to

7

the Western Weir, the West Feeder Basin, Alternative H, the current footprint of WERP, the Lard Can Canal, the Wingate Mill Canal and the Wingate Mill Stormwater Treatment Area dating back to Jan 1, 2016, between Everglades Superintendent Pedro Ramos, his attorneys, representatives, or subordinates and any other person or entity."

34. On December 20, 2023, Plaintiff received an email from DOI acknowledging receipt of the Ramos FOIA Request. Ramos FOIA Request was given a tracking identifier of DOI-NPS-2024-00319.

35. Later on December 20, 2023, Plaintiff received a letter via email from DOI for the Ramos FOIA Request outlining the timeline for responding to the request. The Ramos FOIA Request letter stated that the Ramos FOIA Request fell under "Complex processing track". The letter stated that a Complex processing track will "generally take twenty-one to sixty workdays to process". The Ramos FOIA Request letter then gave a production date of "June 2025." The Ramos FOIA Request letter also stated that Plaintiff may appeal within 90 workdays after the date of the response.

36. On January 4, 2024, Plaintiff formally submitted an appeal to the Ramos FOIA Request letter which gave the approximately 18-month production timeline. Plaintiff argued that an expedited timeline for the Ramos FOIA Request was warranted due to public exigency. The Western Everglades Restoration Project ("WERP") was intended to be federally authorized prior to the production date offered by DOI. Plaintiff pointed out in the appeal that WERP's Draft Project Implementation Report left out evidence that the project could potentially flood out tens of thousands of acres of critical Florida Panther habitat. Plaintiff then explained that The National Park Service, including the Everglades Superintendent, had extensive involvement in the planning and facilitation of this project.

8

It was Plaintiff's position that, if this project was authorized prior to these FOIA requests, this damage to privately owned Endangered Species habitat may be irreversible.

37. On February 5, 2024, DOI responded to Plaintiff's appeal for the Ramos FOIA Request. The DOI declined to accept the appeal asserting that Plaintiff "did not submit copies of all correspondence between you and the NPS regarding the FOIA request… [Y]ou did not provide an actual complete copy of the request you submitted to the NPS".

38. On February 5, 2024, immediately following the DOI response to Plaintiff's appeal, Plaintiff replied with copies of all correspondence including screenshots of the web portal used to file the FOIA request. Beyond the original email chain, and the web portal utilized, there was no correspondence between DOI and Plaintiff specific to the Ramos FOIA Request. DOI never responded to the second attempt at an appeal in violation of 5 U.S.C. § 552 (a)(6)(A)(ii).

39. On February 20, 2024, Plaintiff contacted the Office of Government Information Services ("OGIS") for assistance with the Ramos FOIA Request. At that time, OGIS advised Plaintiff to file an appeal for the Ramos FOIA Request production time provided by DOI. Plaintiff explained he had already done so and was instructed to wait for response and production for the Ramos FOIA Request.

40. On March 20, 2024, at the Everglades Taskforce Working Group/Science Coordination Group Meeting, Superintendent Ramos, a member of the Everglades Taskforce Working Group, was personally and publicly informed by Plaintiff of the outstanding Ramos FOIA Request during public comment for the meeting.

9

41. On April 8, 2025, and for a few days following, Plaintiff attempted to contact the DOI Office of the Solicitor, the DOI office of the Inspector General, and representatives of the National Park Service to attempt to obtain compliance with the Ramos FOIA Request. The only office that answered Plaintiff was the Office of the Solicitor. Plaintiff spoke with an assistant and explained the situation. The assistant then transferred Plaintiff to "a solicitor". After being transferred, and speaking for roughly ten seconds, Plaintiff heard "No! Hang Up! Hang up!" and the call was disconnected. All subsequent calls as well as voicemails made by Plaintiff to the above named departments of the DOI went unanswered.

42. On May 14, 2025, at the Everglades Taskforce Working Group/Science Coordination Group meeting, Superintendent Ramos was again reminded by Plaintiff that the 18-month production timeline was about to end and that Plaintiff was still very interested in obtaining the requested communications.

43. Throughout May and June of 2025, Plaintiff contacted OGIS again regarding the Ramos FOIA Request. OGIS informed Plaintiff that they could only help facilitate communications, not assist in record production. OGIS personnel informed Plaintiff that the best course of action would be to wait to see if documents responsive to the Ramos FOIA Request were produced and to file a lawsuit otherwise.

44. Plaintiff did everything he could, prior to the commencement of this action, to obtain compliance with the Ramos FOIA Request.

## X.  BASIS FOR CLAIMS FOR RELIEF

45. As of mid-March 2024, the DOI violated 5 U.S.C. § 552 by failing to respond to the second appeal request for Ramos FOIA Request. As of July 1, 2025 the DOI

10

continued to violate 5 U.S.C. § 552 by failing to produce the requested documents by the 18-month production deadline for Ramos FOIA Request.

46. By failing to provide Plaintiff with all non-exempt responsive records to his Ramos FOIA Request, Defendant DOI has denied Plaintiff's right to the information he has requested, as provided by FOIA.

47. Defendant DOI has also violated FOIA by failing to perform an adequate search, reasonably calculated to locate all responsive records for Plaintiff's Ramos FOIA Request.

48. Unless enjoined by this Court, Defendant DOI will continue to violate Plaintiff's legal rights to be provided with copies of the records that he has requested in his Ramos FOIA Request.

49. Plaintiff is directly and adversely affected and aggrieved by Defendant DOI's failure to provide responsive records to his Ramos FOIA Request.

50. Plaintiff has retained the law firm of Morgan, Olsen & Olsen, LLP to represent him in this action.

51. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## XI.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

A. Declare Defendant DOI has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his Ramos FOIA Request.

B. Declare Defendant DOI has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's Ramos FOIA Request.

C. Direct by injunction that Defendant DOI perform an adequate search for records and provide Plaintiff with all non-exempt responsive records to Plaintiff's Ramos FOIA Request.

D. Award Plaintiff his costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

E. Provide such other relief as the Court deems just and proper.

Date:  December 17, 2025          Respectfully submitted.

MORGAN, OLSEN & OLSEN, LLP
Attorneys for Plaintiff
633 S. Federal Highway, Suite 400A
Fort Lauderdale, FL  33301
Phone: (954) 524-311/Fax: (954) 463-3570
Email:  golsen@morganolsen.com

/s/ Gregory G. Olsen
GREGORY G. OLSEN, ESQUIRE
F.B.N. 247251