UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 25-62612-CIV-DAMIAN

BENJAMIN C. OLSEN,
     Plaintiff,
v.
UNITED STATES DEPARTMENT
OF THE INTERIOR,
     Defendant.
_____/

## ANSWER

Defendant, United States Department of the Interior, hereby answers the Complaint filed in this action by Plaintiff, Benjamin C. Olsen.  Defendant denies any allegations that are not specifically addressed herein, denies that it is withholding records in violation of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and denies that Plaintiff is entitled to any of the relief he seeks.  Each of the numbered paragraphs in Plaintiff's Complaint are answered as follows:

1.    This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under FOIA.

2.    This paragraph contains Plaintiff's conclusions of law concerning jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of FOIA and 28 U.S.C. § 1331.

3.    This paragraph contains Plaintiff's conclusions of law concerning venue, to which no response is required. To the extent a response is required, Defendant admits that venue over properly asserted FOIA claims lies in this district.

1

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendant admits that Defendant U.S. Department of Interior is an agency of the United States subject to FOIA pursuant to 5 U.S.C. § 552.

6. This paragraph consists of Plaintiff's characterization of FOIA, to which no response is required. FOIA speaks for itself and is the best evidence of its contents.

7. This paragraph consists of Plaintiff's characterization of FOIA, to which no response is required. FOIA speaks for itself and is the best evidence of its contents.

8. This paragraph consists of Plaintiff's characterization of FOIA, to which no response is required. FOIA speaks for itself and is the best evidence of its contents.

9. This paragraph consists of Plaintiff's characterization of FOIA, to which no response is required. FOIA speaks for itself and is the best evidence of its contents.

10. This paragraph consists of Plaintiff's characterization of FOIA, to which no response is required. FOIA speaks for itself and is the best evidence of its contents.

11. This paragraph consists of Plaintiff's characterization of FOIA, to which no response is required. FOIA speaks for itself and is the best evidence of its contents.

12. This paragraph consists of Plaintiff's characterization of FOIA, to which no response is required. FOIA speaks for itself and is the best evidence of its contents.

13. This paragraph consists of Plaintiff's characterization of FOIA, to which no response is required. FOIA speaks for itself and is the best evidence of its contents.

14. Defendant realleges and incorporates by reference all of the proceeding paragraphs of this Answer as if fully stated in this paragraph.

15.     Defendant admits that it received a FOIA request from Plaintiff dated December 12, 2023. The remainder of the paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

16.     Defendant admits that it acknowledged receipt of the request on or around December 20, 2023, and assigned the request DOI-OS-2024-000109.

17.     Defendant admits that it emailed a letter to Plaintiff on December 20, 2023. The remainder of the paragraph consists of Plaintiff's characterization of that letter, to which no response is required. The acknowledgement speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents.

18.     Defendant admits that it emailed Plaintiff on or around January 4, 2024. The remainder of the paragraph consists of Plaintiff's characterization of that email, to which no response is required. The acknowledgement speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

26.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

27.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

28.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

No response is required with respect to the "Request for Relief" set forth beneath paragraph 31, but Defendant denies it is in violation of FOIA and submits that Plaintiff is not entitled to any of the relief he seeks.

32.     Defendant realleges and incorporates by reference all of the proceeding paragraphs of this Answer as if fully stated in this paragraph.

33.     Defendant admits that it received a FOIA request from Plaintiff, dated December 12, 2023. The remainder of the paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

34.     Defendant admits that it acknowledged receipt of the request on or around December 20, 2023, and assigned the request DOI-NPS-2024-00319.

35.     Defendant admits that it emailed a letter to Plaintiff on or around December 20, 2023. The remainder of the paragraph consists of Plaintiff's characterization of that letter, to which no response is required. The acknowledgement speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

36.     Defendant admits that it received from Plaintiff an appeal, dated January 4, 2024. The remainder of the paragraph consists of Plaintiff's characterization of that appeal, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the appeal for a full and accurate statement of its contents.

37.     Defendant admits that it responded to Plaintiff on or around February 5, 2024. The remainder of the paragraph consists of Plaintiff's characterization of that response to which no response is required. The acknowledgement speaks for itself and is the best evidence of its contents.

Defendant respectfully refers the Court to that response for a full and accurate statement of its contents.

38.      Defendant admits that it received from Plaintiff a second appeal, dated February 5, 2024. The remainder of the paragraph consists of Plaintiff's characterization of that appeal, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the appeal for a full and accurate statement of its contents. However, Defendant denies that it never responded to the second appeal and avers that it provided a response on June 21, 2024, denying the appeal.

39.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45.      This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

46.      This paragraph consists of legal conclusions, to which no response is required. To

6

the extent a response is deemed required, Defendant denies the allegations in this paragraph.

47.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

48.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

No response is required with respect to the "Request for Relief" set forth beneath paragraph 51, but Defendant denies it is in violation of FOIA and submits that Plaintiff is not entitled to any of the relief he seeks.

Respectfully submitted,
JASON REDING QUINONES
UNITED STATES ATTORNEY

By:     /s/Carlos Raurell
        Assistant U.S. Attorney
        Florida Bar No. 529893
        Email: Carlos.Raurell@usdoj.gov
        99 N.E. 4th Street, Suite 300
        Miami, Florida 33132
        Tel: 305-961-9243

        *Counsel for Defendant*

7

8